**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000135
30-MAY-2012
08:30 AM**

NO. CAAP-10-0000135

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EMA F. KOMOMUA, nka Ema Z. Franco,
Plaintiff-Appellant/Cross-Appellee,
v.
ROYALE K. KOMOMUA,
Defendant-Appellee/Cross-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 07-1-2758)


MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)


Plaintiff-Appellant/Cross-Appellee Ema F. Komomua, now known as Ema Z. Franco (Ema), appeals from (1) "Order Re: Trial," filed July 2, 2010 (Trial Order); (2) "Order Granting in Part and Denying in Part Defendant's Motion for Reconsideration filed on July 12, 2010," filed October 6, 2010 (Order Re: Royale's Reconsideration Motion); (3) "Order Denying Plaintiff's Motion for Reconsideration, filed on October 18, 2010," filed November 22, 2010 (Order Denying Ema's Reconsideration Motion); (4) Divorce Decree, filed November 23, 2010 (Divorce Decree); and

(5) "Original Order to Withhold Income for Child Support," filed November 26, 2010. All orders were filed in the Family Court of the First Circuit[1] (family court).

Defendant-Appellee/Cross-Appellant Royale K. Komomua (Royale) cross-appeals from (1) "Order Denying Motion in Limine Regarding 816 Mokauea Street," filed May 4, 2010 (MIL Order); (2) Trial Order; (3) Order Re: Royale's Reconsideration Motion; and (4) Divorce Decree.

On appeal, Ema contends:

(1) Family court erred in finding there was insufficient evidence to determine the value of parties' interest in the Mokauea Property and concluding their ownership interest was between 50% and 100% with no property equalization payment to Ema. Finding of Fact (FOF) 66 is in error and Conclusions of Law (COLs) 6 & 37 are wrong.

(2) Family court erred in using the 2004 Child Support Guidelines (2004 Guidelines) to calculate child support. FOF 83 is in error and COL 25 is wrong.

(3) Family court erred by not determining an exceptional circumstance to deviate child support from the 2004 Guidelines or in the alternative, the court should have increased Ema's alimony in consideration of her child support obligation. FOFs 79, 80, 81, and 83 are in error and COLs 23 and 25 are wrong.

(4) Family court erred in ordering Ema to pay for the children's private school tuition and post-high school educational expenses in addition to child support. COLs 26 and 27 are wrong.

On cross-appeal, Royale contends family court erred

(1) when it denied Royale's Motion in Limine (MIL) Regarding 816 Mokauea Street (Mokauea Property) (MIL re: Mokauea

---

[1] The Honorable Jennifer L. Ching presided at all hearings unless otherwise noted.

Property) on the grounds the court did not have jurisdiction over real property owned by the Dorothy M. Komomua (Dorothy) Trust and the Glenn A. Komomua Sr. (Glenn) Trust;

(2) in finding and concluding the Mokauea Property was part of the marital estate, awarding said property to Royale, offsetting the value of said property against the proceeds from the sale of the Kula Kolea Property, and awarding the sale proceeds from the Kula Kolea Property to Ema; and

(3) in awarding Ema 120 months of transitional alimony at $1,200/month because there was significant and material change in the financial positions of the parties from the May 7, 2008 Order awarding Ema temporary alimony to the May 10, 2010 trial. FOF 80 and 81 are in error and COL 23 is wrong.

## I. BACKGROUND

Ema and Royale were married on April 25, 1987 in Maui. In 1991, they moved to Oahu and moved in with Royale's parents on the Mokauea Property, which was small, old, and termite-ridden. By 1994, they had three children and began looking for a home to purchase. After consultation with Royale's parents, Glenn and Dorothy, and Royale's siblings, Royale decided to tear down the current dwelling and build a new two-story house. To fund the building of the house, Royale took out a $171,000 loan. He signed the promissory note, and his parents signed the mortgage to use the Mokauea Property as collateral. Royale obtained a building permit as the owner/builder and signed a building contract for $171,000. Upon completion in 1995, Royale's parents lived downstairs and Royale, Ema, and their three children lived upstairs. At trial, Royale testified he paid the mortgage, real property taxes, and utilities.

In 2001, Royale refinanced the loan on the Mokauea Property and used some of the money for a down payment on the Kula Kolea Property. Royale's parents signed accommodation

3

mortgages for the Mokauea Property to be used as collateral for the refinancing.

On August 23, 2007, Ema filed a Complaint for Divorce. Pursuant to a May 7, 2008 pre-decree relief order, family court[2] awarded Ema temporary alimony of $1,200/month and $4,000 from the net proceeds of the sale of the Kula Kolea Property to be used for rent deposit. On April 29, 2010, Royale filed his MIL re: Mokauea Property, which family court denied on May 4, 2010.

Trial was held on May 10, 2010. Family court filed its Order Re: Trial on July 2, 2010. On July 12, 2010, Royale filed a Motion for Reconsideration. On October 6, 2010, family court issued its Order Re: Royale's Reconsideration Motion. On October 18, 2010, Ema filed a Motion for Reconsideration. On November 8, 2010, Ema filed her first notice of appeal. On November 9, 2010, Royale filed his first notice of cross-appeal. On November 22, 2010, family court issued its Order Denying Ema's Reconsideration Motion.

Family court issued the Divorce Decree on November 23, 2010. Ema filed her second notice of appeal on December 20, 2010 and Royale filed his first amended notice of cross-appeal on December 22, 2010. On April 18, 2011, family court issued its "Supplemental Record on Appeal [Findings of Fact and Conclusions of Law]" (FOFs/COLs).

## II. STANDARDS OF REVIEW

### A. Abuse of Discretion

When reviewing family court decisions for an abuse of discretion, the Hawai'i Supreme Court has held:

> The family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Under the abuse of discretion standard of review, the family court's decision will not be disturbed unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

---

[2] The Honorable R. Mark Browning presided.

In re Doe, 77 Hawai'i 109, 115, 883 P.2d 30, 36 (1994) (internal quotation marks, citations, brackets, and ellipsis omitted).

### B. Findings of Fact/Conclusions of Law

The family court's FOFs are reviewed on appeal under the "clearly erroneous" standard. A FOF is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

On the other hand, the family court's COLs are reviewed on appeal *de novo*, under the right/wrong standard. COLs, consequently, are "not binding upon an appellate court and are freely reviewable for their correctness."

. . . .

Moreover, the family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal.

[In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001)] (citations, some internal quotation marks, brackets, and ellipsis points omitted).

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006).

### C. Motion for Reconsideration

The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding. We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Tagupa v. Tagupa, 108 Hawai'i 459, 465, 121 P.3d 924, 930 (App. 2005) (internal quotation marks, citations, ellipsis, and brackets omitted).

5

### D. Credibility of Witnesses

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (internal quotation marks and citation omitted).

### E. Property Division

> There is no fixed rule for determining the amount of property to be awarded each spouse in a divorce action other than as set forth in [Hawai'i Revised Statutes] HRS § 580-47. We have said that the discretionary power of a trial court in dividing and distributing property in a matrimonial action under HRS § 580-47 will not be disturbed in the absence of a showing of abuse. Further, the division and distribution of property pursuant to a divorce need not be equal but should be just and equitable.

Teller v. Teller, 99 Hawai'i 101, 107, 53 P.3d 240, 246 (2002) (citations and footnote omitted) (quoting Au-Hoy v. Au-Hoy, 60 Haw. 354, 357, 590 P.2d 80, 83 (1979)).

An appellate court will not reverse the decision of a family court judge on property division issues unless there has been a manifest abuse of the judge's wide discretion. Ahlo v. Ahlo, 1 Haw. App. 324, 329, 619 P.2d 112, 117 (1980). Discretion is abused when the lower court clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant. State v. Sacoco, 45 Haw. 288, 292, 367 P.2d 11, 13 (1961).

### III. DISCUSSION

### A. Family court has jurisdiction over the division of an ownership interest in the Mokauea Property.

Ema contends Royale failed to provide evidence to support his assertion that his parents, rather than he, owned the Mokauea Property. Furthermore, Ema argues Royale is equitably estopped from denying an ownership interest in the property when his statements and actions during marriage indicated an ownership interest.

6

On cross-appeal, Royale asserts family court abused its discretion in exercising jurisdiction over the Mokauea Property. He argues that title to the property is held by his parents, Dorothy, as trustee of the Dorothy M. Komomua Trust, and Glenn, as trustee of the Glenn A. Komomua Sr. Trust, pursuant to two unrecorded trusts. Based on this assertion, Royale argues that the Mokauea Property was not part of the marital property and family court had no jurisdiction to affect the ownership interest of Royale's parents to the property when they were not parties to the divorce action.

Royale also argues he is not estopped from denying the parties' ownership interest in the Mokauea Property. He contends that Ema never believed she was an owner of the property and therefore did not erroneously rely on that belief to her detriment.

After trial, family court, "having given due consideration to the reliable and credible testimony of the parties and witnesses," found the parties had an ownership interest in the Mokauea Property and concluded that "[a]ll of the parties' interests in the Mokauea Property, be it legal or equitable, are part of the marital estate." Family court determined that "[Royale's] current claim of no ownership in the Mokauea Property is contrary to his statements and actions during the marriage. [Royale's] current claim of no ownership in the Mokauea Property is not credible, and is not supported by documents or exhibits."

Family court further found the testimony of tax expert witness, Michael McEnerney (McEnerney), to be unrebutted, credible, and reliable. McEnerney testified that a review of Royale's and Ema's IRS income tax returns showed that Royale behaved as if he had an ownership interest in the Mokauea Property when he reported Schedule E rental income, deducted depreciation, and deducted Schedule A real estate tax.

Finally, family court noted Glenn failed to produce documents substantiating the ownership of the Mokauea Property and did not testify that Royale did not have an ownership interest in the property.

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Fisher, 111 Hawai'i at 46, 137 P.3d at 360.

Because family court found Royale had an ownership interest in the Mokauea Property, family court did not err in exerting jurisdiction over the property.

**B. Family court did not err when it found there was insufficient evidence to determine the value of the parties' interest in the Mokauea Property.**

Ema contends family court erred in not finding that Royale and Ema had a 100% ownership interest in the Mokauea Property.

On appeal, Ema contends FOF 66 is in error and COLs 6 and 37 are wrong.

Findings of Fact

. . . .

66. There was insufficient evidence for the Court to determine the precise value of the parties' interest in the Mokauea Property.

. . . .

Conclusions of Law

. . . .

6. There was the unrebutted expert's opinion rendered by [Ema's] expert Michael McEnerney M.B.A., J.D., C.P.A./A.B.V./C.F.F., A.S.A., C.V.A. Mr. McEneney testified that based on [Royale's] answers to interrogatories and the parties' joint income tax returns, the parties have an ownership interest in the Mokauea Property between 50% and 100%, and the Court so finds and concludes.

. . . .

37. There shall be no property equalization payment.

. . . .

Upon granting a divorce, family court "may make any further orders as shall appear just and equitable[.]" Hawaii Revised Statutes (HRS) § 580-47(a) (2006 Repl.). This includes "dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate[.]" HRS § 580-47(a)(3).

The Hawai'i Supreme Court has construed HRS § 580-47 to confer "wide discretion upon the family court." Baker v. Bielski, 124 Hawai'i 455, 459, 248 P.3d 221, 225 (App. 2011) (internal quotation marks and citation omitted). In the absence of a showing of abuse, we will not disturb family court's discretionary power to divide property under HRS § 580-47. Teller, 99 Hawai'i at 107, 53 P.3d at 246.

When dividing property, family court considers the following: "the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case." HRS § 580-47(a).

Here, family court awarded Royale the Mokauea Property, subject to the $200,000 debt. Ema was awarded the net sales proceeds from Kula Kolea, amounting to $221,546.29. In COL 21, family court determined that

> 21. The facts and circumstances in this case present valid and relevant considerations authorizing a deviation from the Partnership Model including:
>
> a. the disparity in the income and financial resources of the parties;
>
> b. the disparity in the earning capability of the parties;
>
> c. the difference in the condition of the parties as left by the divorce;
>
> d. [Ema's] present need to have liquid assets (Kula Kolea proceeds);

e.      [Royale's] being in a better position to
        maximize the value of the Mokauea Property;

f.      the respective merits of the parties.

Family court then concluded that

22. Based on the totality of the circumstances in this
case, and the reliable and credible testimony presented at
trial, it is just and equitable that the Court exercises its
discretion to award the Mokauea Property to [Royale] subject
to the debt thereon, and the proceeds from the sale of Kula
Kolea to [Ema].

The division of property is discretionary with family court. Viewing the record as a whole, we conclude Royale fails to carry his burden of showing family court abused its discretion when it awarded Royale the Mokauea Property and Ema the net proceeds from Kula Kolea.

C.    **Family court did not err in not ordering a
      property equalization payment to Ema.**

Ema argues family court erred in not ordering a property equalization payment to her when it awarded the Mokauea Property to Royale subject to the property's debt. Ema claims it would be just and equitable under HRS § 580-47 to pay her an equalization amount based on the net market value of the Mokauea Property.

Family court took into account the factors listed under HRS § 580-47(a) when it determined not to award a property equalization payment. Family court did not abuse its broad and equitable discretion in distributing the parties' marital property.

D.    **Family court erred in using the 2004 Guidelines to
      calculate child support.**

Ema contends family court erred when it used the 2004 Guidelines instead of the 2010 Hawai'i Child Support Guidelines (2010 Guidelines) to calculate her child support obligations. She

10

argues that FOF 83[3] is in error and COLs 23 and 25 are wrong.[4] We agree.

On July 2, 2010, family court issued its Order Re: Trial, requiring Ema to pay $670/month in child support based on her income. In calculating Ema's income, family court failed to include the spousal support she received from Royale.

On July 12, 2010, Royale filed a motion for reconsideration, arguing that the 2004 Guidelines required Ema's spousal support to be added to her income, thus increasing the amount she owed in child support payments. Before family court ruled on Royale's motion, the 2010 Guidelines went into effect on August 29, 2010. See 2010 Guidelines, http://www.courts.state.hi.us/docs/form/maui/2CE248.pdf at 37 (last accessed May 11, 2010).

---

[3] Family court's FOFs provide, in relevant part:

> 83. Based on [Ema's] income of $2,386 per month, her child support obligation for the three Children is $1080.00 per month based on the 2004 Child Support Guidelines.

[4] Family court's COLs provide, in relevant part:

> 23. Under Vorfeld v. Vorfeld, 8 Haw. App. 391, 804 P.2d 891 (1991), [Royale] shall pay [Ema] transitional alimony in the amount of $1,200 starting the month after the divorce for a period of 120 months. This is appropriate to equalize the standard of living of the parties following the divorce. Pursuant to HRS Section 580-47, in determining alimony, [family court] considered all of the factors, including: the financial resources of the parties, the ability of [Ema] to meet her needs independently, the duration of the marriage, the standard of living established during the marriage, the usual occupation of the parties during the marriage, the vocational skills and employability of [Ema], the needs of the parties, the financial resources of [Royale] in view of his own needs, the financial condition in which the parties will be left after the divorce, and the probable duration of [Ema's] need for alimony. [Family court] also considered the disparity in earning capacities of the parties, and [Ema's] providing substantial homemaking, career nurturing, and child rearing services over many years.

> . . . .

> 25. [Ema] shall pay $1,080 per month in child support. This is based on her salary plus $1,200 per month alimony and the 2004 Child Support Guidelines.

On October 6, 2010, family court issued its Order Re: Royale's Reconsideration Motion. Family court recalculated Ema's income to include her spousal support, increasing her child support obligation from $670/month to $1,080/month. In Ema's motion for reconsideration, filed October 18, 2010, Ema argued that under the 2010 Guidelines, her child support obligation should be $1,039/month, a decrease of $41/month.

Family court is required to use the most current version of the child support guidelines to calculate the amount of the support obligation. HRS § 576D-7(d) (2006 Repl.). Before family court ruled on Royale's motion for reconsideration, the 2010 Guidelines took effect, superseding all prior guidelines and amendments. Id. Therefore, family court erred when it issued its Order Re: Royale's Reconsideration Motion on October 6, 2010, using the 2004 Guidelines rather than the 2010 guidelines.

Ema also contends family court erred in calculating her responsibility for the children's private school tuition and post-high school educational expenses. Inasmuch as these figures were also calculated based on the 2004 Guidelines, family court erred and COLs 26 and 27[5] are wrong.

### F. Family court did not err when it awarded Ema 120 months of alimony.

Royale contends family court abused its discretion in awarding Ema 120 months of alimony. He alleges FOFs 80 and 81 are in error and COL 23 is wrong.

---

[5] Family court's COLs provide, in relevant part:

26. As of the date of the Decree, [Ema] shall pay 35% of [child's] Kamehameha Schools education expenses. This is based on Line 13 of the 2004 Child Support Guidelines Worksheet ([2004 Guidelines]).

27. As of the date of the Decree, [Ema] shall pay 35% of the Children's post-high school educational expenses limited to the amount of 35% of the then (not now) current University of Hawaii educational expenses. This is based on Line 13 of the 2004 [2004 Guidelines].

Family court's FOFs/COLs provide, in relevant part:

Findings of Fact

. . . .

80. [Royale] has the ability to earn at least three times the amount of income that [Ema] earns.

81. [Ema's] request for $1,200 per month pre-tax alimony is reasonable and necessary. [Royale] has the ability to pay her $1,200 per month, which will be tax deductible to him.

. . . .

Conclusions of Law

. . . .

23. Under Vorfeld v. Vorfeld, 8 Haw. App. 391, 804 P.2d 891 (1991), [Royale] shall pay [Ema] transitional alimony in the amount of $1,200 starting the month after the divorce for a period of 120 months. This is appropriate to equalize the standard of living of the parties following the divorce. Pursuant to HRS Section 580-47, in determining alimony, [family court] considered all of the factors, including: the financial resources of the parties, the ability of [Ema] to meet her needs independently, the duration of the marriage, the standard of living established during the marriage, the usual occupation of the parties during the marriage, the vocational skills and employability of [Ema], the needs of the parties, the financial resources of [Royale] in view of his own needs, the financial condition in which the parties will be left after the divorce, and the probable duration of [Ema's] need for alimony. [Family court] also considered the disparity in earning capacities of the parties, and [Ema's] providing substantial homemaking, career nurturing, and child rearing services over many years.

. . . .

Royale and Ema each would have us revisit testimony and exhibits related to income, expenses, ability to earn in the future, savings, loans, and other issues related to financial management. Given family court's "wide discretion in making its decisions," Fisher, 111 Hawai'i at 46, 137 P.3d at 360, and considering that "it is axiomatic that reconciling conflicting testimony is beyond the scope of appellate review[,]" Onaka v. Onaka, 112 Hawai'i 374, 384, 146 P.3d 89, 99 (2006), we hold that family court did not err in awarding Ema 120 months of alimony.

## IV. CONCLUSION

The (1) "Order Re: Trial," filed July 2, 2010 and (2) "Order Denying Motion in Limine Regarding 816 Mokauea Street," filed May 4, 2010 in Family Court of the First Circuit are affirmed. The (1) "Order Granting in Part and Denying in Part Defendant's Motion for Reconsideration filed on July 12, 2010," filed October 6, 2010; (2) "Order Denying Plaintiff's Motion for Reconsideration, filed on October 18, 2010," filed November 22, 2010; (3) Divorce Decree, filed November 23, 2010; and (4) "Original Order to Withhold Income for Child Support," filed November 26, 2010 in Family Court of the First Circuit are vacated insofar as the orders incorrectly applied 2004 Child Support Guidelines after the effective date of the 2010 Hawai'i Child Support Guidelines on August 29, 2010. This case is remanded to family court to apply the 2010 Hawai'i Child Support Guidelines.

DATED: Honolulu, Hawai'i, May 30, 2012.

On the briefs:

Chunmay Chang
for Plaintiff-Appellant/
Cross-Appellee.

A. Debbie Jew
(Ogawa, Lau, Nakamura & Jew)
for Defendant-Appellee/
Cross-Appellant.

Presiding Judge

Associate Judge

Associate Judge

14